IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| ANTHONY L. REGAN, | ) | CIV. NO. 07-00029 JMS-BMK |
| | ) | |
| Plaintiff, | ) | |
| | ) | ORDER DISMISSING PLAINTIFF'S |
| vs. | ) | COMPLAINT PURSUANT TO 28 |
| | ) | U.S.C. § 1915A(b)(1) AND |
| DEPARTMENT OF PUBLIC | ) | GRANTING IN PART AND |
| SAFETY, et al., | ) | DENYING IN PART DEFENDANTS |
| | ) | STATE OF HAWAII, DEPARTMENT |
| Defendants. | ) | OF PUBLIC SAFETY, AND LINDA |
| | ) | LINGLE'S MOTION TO DISMISS |
| _____ | ) | |

## ORDER DISMISSING PLAINTIFF'S COMPLAINT PURSUANT TO 28 U.S.C. § 1915A(b)(1) AND GRANTING IN PART AND DENYING IN PART DEFENDANTS STATE OF HAWAII, DEPARTMENT OF PUBLIC SAFETY, AND LINDA LINGLE'S MOTION TO DISMISS

Before the court is Defendants State of Hawaii, Department of Public Safety, and Linda Lingle's Motion to Dismiss Plaintiff's Complaint. This matter is suitable for disposition without a hearing pursuant to LR7.2(d). For the following reasons, Plaintiff's Complaint is DISMISSED pursuant to 28 U.S.C. § 1915A(b)(1).[1] The court also GRANTS IN PART and DENIES IN PART the

---

[1] Under the Prison Litigation Reform Act ("PLRA"), a federal court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). Even if a motion to dismiss is filed, the court is not relieved of its duty to follow PLRA dismissal requirements in *in forma pauperis* cases to which the PLRA applies. *Lopez v. Smith*, 203 F.3d 1122 (9th Cir. 2000).

Motion to Dismiss.

## I.  PROCEDURAL HISTORY AND BACKGROUND

On January 19, 2007, pro se Plaintiff Anthony L. Regan, a prisoner incarcerated at Halawa Correctional Facility ("Halawa"), filed a prisoner civil rights complaint pursuant to 42 U.S.C. §1983.  Plaintiff is proceeding *in forma pauperis*.  *See* Docket. No. 8.

Plaintiff names the State of Hawaii, the Department of Public Safety ("DPS") Edwin Shimoda, Allan Asato, Wesley Mun, Clayton Frank, Eric Tanaka, Gary Kaplan, Deanna Espinas, Janice Neilson, Albert Tufono, Tommy Johnson, Roy W. Reeber, Dane K. Oda, Linda Lingle, May Andrade, Deborah Stampfle, Dr. Patel, Mary Tumminello, T.L. Leatumauga, Dallen Polleka, Richard Condon, Monica Chun, O.V. McBee, J. Ahn, John Doe, Director of DPS, John Doe Deputy Directory of DPS, and JOHN DOES 1-10 DPS Employees, (collectively "Defendants") in their individual and official capacities, as Defendants.  *See* Compl. at 1B - 2C.

Plaintiff's Complaint is a laundry list of alleged constitutional violations containing eighteen claims.  The claims can be divided into six broad categories: (1) First Amendment violations; (2) Fifth Amendment violations; (3) Eighth Amendment violations; (4) Fourteenth Amendment violations; and (5)

2

miscellaneous violations that do not clearly fit under 42 U.S.C. § 1983.  Plaintiff

alleges that each alleged violation occurred between January 7, 2005 and August

17, 2006.

On August 15, 2007, Defendants State of Hawaii, DPS, and Lingle

filed a Motion to Dismiss Plaintiff's Complaint.  *See* Docket No. 72.  On

September 25, 2007, Plaintiff filed a Memorandum in Opposition to the Motion to

Dismiss.  *See* Docket No. 84.  Defendants State of Hawaii, DPS, and Lingle filed a

Response to Plaintiff's Memorandum in Opposition on October 5, 2007.  *See*

Docket No. 86.

## II.  <u>LEGAL STANDARDS</u>

### A.    28 U.S.C. § 1915A

A federal court must conduct a preliminary screening in any case in

which a prisoner seeks redress from a governmental entity or officer or employee

of a governmental entity.  28 U.S.C. § 1915A(a).  In its review, the court must

identify any cognizable claims and dismiss any claims that are frivolous, malicious,

fail to state a claim upon which relief may be granted, or seek monetary relief from

a defendant who is immune from such relief.  *Id.*; 28 U.S.C. § 1915A(b)(1), (2).

The court must construe pro se pleadings liberally and afford the pro

se litigant the benefit of any doubt.  *Morrison v. Hall*, 261 F.3d 896, 899 n.2 (9th

Cir. 2001). "'[A] complaint should not be dismissed for failure to state a claim

unless it appears beyond doubt that the plaintiff can prove no set of facts in support

of his claim which would entitle him to relief.'" *Terracom v. Valley Nat'l Bank*, 49

F.3d 555, 558 (9th Cir. 1995) (*quoting Conley v. Gibson*, 355 U.S. 41, 45-46

(1957)). "Unless it is absolutely clear that no amendment can cure the defect . . . , a

*pro se* litigant is entitled to notice of the complaint's deficiencies and an

opportunity to amend prior to dismissal of the action." *Lucas v. Dep't of Corr.*, 66

F.3d 245, 248 (9th Cir. 1995); *see also Lopez*, 203 F.3d at 1126.

**B.     Rule 12(b)(1)**

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(1)

tests the subject matter jurisdiction of the court. *See*, *e.g., Savage v. Glendale

Union High Sch.*, 343 F.3d 1036, 1039-40 (9th Cir. 2003); *White v. Lee*, 227 F.3d

1214, 1242 (9th Cir. 2000). The plaintiff bears the burden of establishing the

propriety of the court's jurisdiction. *Kokkonen v. Guardian Life Ins. Co. of Am.*,

511 U.S. 375, 377 (1994). "A Rule 12(b)(1) jurisdictional attack may be facial or

factual." *Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004).

In a facial attack, the court may dismiss a complaint when its

allegations are insufficient to confer subject matter jurisdiction. When the

allegations of a complaint are examined to determine whether they are sufficient to

4

confer subject matter jurisdiction, all allegations of material fact are taken as true and construed in the light most favorable to the nonmoving party. *Fed'n of African Am. Contractors v. City of Oakland*, 96 F.3d 1204, 1207 (9th Cir. 1996).  In such a facial attack on jurisdiction, the court limits its analysis to the allegations of and the documents attached to the complaint. *See Samco Global Arms, Inc. v. Arita*, 395 F.3d 1212, 1214 n.4 (11th Cir. 2005) ("We use the same standard as the district court in analyzing a facial attack on jurisdiction, and therefore accept the well-pleaded allegations of the complaint as true and limit our inquiry to the complaint and the documents attached thereto."); *Gould Elecs. Inc. v. United States*, 220 F.3d 169, 176 (3d Cir. 2000) ("In reviewing a facial attack, the court must only consider the allegations of the complaint and documents referenced therein and attached thereto, in the light most favorable to the plaintiff.").

Alternatively, in a factual attack under Rule 12(b)(1), the court may dismiss a complaint when the facts that would give rise to its subject matter jurisdiction are disputed. *See Thornhill Publ'g Co., Inc. v. Gen. Tel. & Elecs. Corp.*, 594 F.2d 730, 733 (9th Cir. 1979).  In a factual attack, the court examines the truth of the allegations invoking the court's jurisdiction. *Safe Air for Everyone*, 373 F.3d at 1039. "[N]o presumptive truthfulness attaches to plaintiff's allegations, and the existence of disputed material facts will not preclude the court from

5

evaluating for itself" the existence of subject matter jurisdiction. *Thornhill*, 594

F.2d at 733. Thus, in a factual attack on this court's jurisdiction, this court may

accept and evaluate evidence beyond the complaint to determine whether

jurisdiction exists, without converting the motion to dismiss into a motion for

summary judgment. *Safe Air for Everyone*, 373 F.3d at 1039; *Thornhill*, 594 F.2d

at 733.

**C.     Rule 12(b)(6)**

Rule 12(b)(6) of the Federal Rules of Civil Procedure permits

dismissal of a complaint when it fails "to state a claim upon which relief can be

granted." Under Rule 12(b)(6), review is generally limited to the contents of the

complaint. *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001);

*Campanelli v. Bockrath*, 100 F.3d 1476, 1479 (9th Cir. 1996). If matters outside

the pleadings are considered, the Rule 12(b)(6) motion is treated as one for

summary judgment. *See Keams v. Tempe Tech. Inst., Inc.*, 110 F.3d 44, 46 (9th Cir.

1997); *Anderson v. Angelone*, 86 F.3d 932, 934 (9th Cir. 1996). However, courts

may "consider certain materials--documents attached to the complaint, documents

incorporated by reference in the complaint, or matters of judicial notice--without

converting the motion to dismiss into a motion for summary judgment." *United*

*States v. Ritchie*, 342 F.3d 903, 908 (9th Cir. 2003). Documents whose contents

are alleged in a complaint and whose authenticity is not questioned by any party

may also be considered in ruling on a Rule 12(b)(6) motion to dismiss.  *See Branch*

*v. Tunnell*, 14 F.3d 449, 453-54 (9th Cir. 1994).

On a Rule 12(b)(6) motion to dismiss, all allegations of material fact

are taken as true and construed in the light most favorable to the nonmoving party.

*Fed'n of African Am. Contractors v. City of Oakland*, 96 F.3d 1204, 1207 (9th Cir.

1996).  However, conclusory allegations of law, unwarranted deductions of fact,

and unreasonable inferences are insufficient to defeat a motion to dismiss.

*Sprewell*, 266 F.3d at 988; *Syntex Corp. Sec. Litig.*, 95 F.3d 922, 926 (9th Cir.

1996).  Additionally, the court need not accept as true allegations that contradict

matters properly subject to judicial notice or allegations contradicting the exhibits

attached to the complaint.  *Sprewell*, 266 F.3d at 988.

Dismissal under Rule 12(b)(6) may be based on either: (1) lack of a

cognizable legal theory, or (2) insufficient facts under a cognizable legal theory.

*Balistreri v. Pacifica Police Dep't.*, 901 F.2d 696, 699 (9th Cir. 1988) *(citing*

*Robertson v. Dean Witter Reynolds, Inc.*, 749 F.2d 530, 533-34 (9th Cir. 1984)).  A

motion to dismiss may also be granted if an affirmative defense or other bar to

relief is apparent from the face of the complaint, such as a statute of limitation.

*Imbler v. Pachtman*, 424 U.S. 409 (1976).

# III.  DISCUSSION

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under color of law.  *West v. Atkins*, 487 U.S. 42, 48 (1988).

## A.     Defendants Sued in Their Official Capacities Are Not "Persons" Within The Meaning of § 1983.

Neither a state nor its employees acting in their official capacity is considered a "person" under § 1983.  *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 66 (1989); *Lapides v. Bd. of Regents*, 535 U.S. 613 (2002); *Bank of Lake Tahoe v. Bank of America*, 318 F.3d 914, 918 (9th Cir. 2003).

Defendants, as state agencies or employees, are thus not subject to suit for damages in their official capacities.[2]  Claims for damages against Defendants in their official capacities are DISMISSED without leave to amend.

## B.     This Court Lacks Jurisdiction Over Plaintiff's Claims Against The State of Hawaii and The Department of Public Safety.

Plaintiff names the State and the DPS as Defendants.  This court lacks

---

[2] An exception to this rule applies to claims for injunctive relief against a state official in his or her official capacity.  *See Bank of Lake Tahoe*, 318 F.3d at 918.  Because Plaintiff seeks only monetary damages and not injunctive relief, this exception is not applicable to the instant case.

8

jurisdiction over Plaintiff's claims for damages against the State and the DPS. Those claims are barred by the Eleventh Amendment, which "prohibits federal courts from hearing suits brought against an unconsenting state." *Brooks v. Sulphur Springs Valley Elec. Coop.*, 951 F.2d 1050, 1053 (9th Cir. 1991) (citation omitted); *see also Idaho v. Coeur d'Alene Tribe*, 521 U.S. 261, 267-68 (1997). "The Eleventh Amendment's jurisdictional bar covers suits naming state agencies and departments as defendants, and applies whether the relief sought is legal or equitable in nature." *Brooks*, 951 F.2d at 1053 (*quoting Pennhurst v. Halderman*, 465 U.S. 89, 100 (1984)).  The State is an "unconsenting state" and the DPS is a state agency.  Accordingly, Plaintiff's claims against the State and the DPS are DISMISSED without leave to amend.

## C.    Plaintiff's Claim Against Defendant Patel in His Individual Capacity is Dismissed.

In Count III, Plaintiff claims that between April 30, 2005 and the present, Defendant Patel violated his Eighth Amendment rights when he refused to provide him with the necessary medication to treat his schizophrenic condition. Plaintiff states that "Defendants were callously indifferent to the Plaintiff[']s medical needs by denying him access to his schizophrenic medication." *See* Compl. at 6.  Plaintiff also alleges that Defendant Patel refused to give him

psychiatric treatment.  Plaintiff claims that he filed numerous grievances

concerning the denial of medical treatment.

The Government violates the Eighth Amendment if it fails to address

the medical needs of incarcerated individuals.  *Estelle v. Gamble*, 429 U.S. 97, 104

(1976); *Lopez v. Smith*, 203 F.3d 1122, 1131 (9th Cir. 2000) (*en banc*).

"[D]eliberate indifference to serious medical needs of prisoners constitutes the

unnecessary and wanton infliction of pain, proscribed by the Eighth Amendment."

*Estelle*, 429 U.S. at 102.[3]  "A medical need is serious if the failure to treat the

prisoner's condition could result in further significant injury or the unnecessary and

wanton infliction of pain."  *Dickey v. Vargo*, 2004 WL 825624, at *2 (D. Or. Feb.

27, 2004) (*citing McGuckin v. Smith*, 974 F.2d 1050, 1059 (9th Cir. 1992),

*overruled on other grounds*, *WMX Tech., Inc. v. Miller*, 104 F.3d 1133, 1136 (9th

Cir. 1997) (further citations omitted)).  Plaintiff sufficiently alleges an Eighth

Amendment violation.

Plaintiff, however, cannot maintain this claim because Defendant Patel

died during the pendency of this action.  Indeed, on August 3, 2007, the court

---

[3] For purposes of the Eighth Amendment, serious medical needs include "the existence of an injury that a reasonable doctor or patient would find important and worthy of comment or treatment; the presence of a medical condition that significantly affects an individual's daily activities; or the existence of chronic and substantial pain."  *Lopez*, 203 F.3d at 1131.

received a "Suggestion of Death Upon The Record Re: Dr. Patel."  Docket No. 70.

The pleading included as exhibits two obituaries confirming the death of Defendant

Patel on July 28, 2007.

When a defendant sued in his individual capacity dies pending final

resolution of an action, the plaintiff must pursue his action against the decedent's

estate.  *See Kentucky v. Graham*, 473 U.S. 159, 166 n.11 (1985).  Accordingly,

Plaintiff's claim against Defendant Patel in his individual capacity is DISMISSED

with leave to amend to pursue his claim against the proper party, if possible.  *See*

Federal Rules of Civil Procedure ("Fed. R. Civ. P.") Rule 25(a)(1).[4]

**D.     Plaintiff Fails to State a Claim Against The Remaining Defendants in
         Their Individual Capacity.**

Plaintiff names numerous Defendants in their individual capacities.

To state a § 1983 claim against an individual defendant, a plaintiff must allege

facts, not mere conclusions, showing a defendant's "personal involvement" in the

alleged constitutional deprivation or a "causal connection" between a defendant's

wrongful conduct and the alleged constitutional deprivation.  *Barren v. Harrington*,

152 F.3d 1193, 1194 (9th Cir. 1998); *Hansen v. Black*, 885 F.2d 642, 646 (9th Cir.

1989).

---

[4] Fed. R. Civ. P. 25 states in part that, "[i]f a party dies and the claim in not thereby
extinguished, the court may order substitution of the proper parties . . ."

There is no *respondeat superior* liability under § 1983. *Polk County v. Dodson*, 454 U.S. 312, 325 (1981); *Monell v. Dep't of Social Services*, 436 U.S. 658, 694 (1978); *Gibson v. County of Washoe, Nev.*, 290 F.3d 1175, 1185 (9th Cir. 2002). A supervisor may be held liable in his individual capacity "for his own culpable action or inaction in the training, supervision or control of his subordinates." *Watkins v. City of Oakland, Cal.*, 145 F.3d 1087, 1093 (9th Cir. 1998) (*quoting Larez v. City of Los Angeles*, 946 F.2d 630, 646 (9th Cir. 1991)). A supervisor may also be held liable if he or she implemented "a policy so deficient that the policy itself is a repudiation of constitutional rights and is the moving force of the constitutional violation." *Redman v. County of San Diego*, 942 F.2d 1435, 1446 (9th Cir. 1991) (*en banc*) (citations and internal quotations omitted). Furthermore, vague and conclusory allegations of official participation in civil rights violations are not sufficient to state a claim. *Ivey v. Board of Regents*, 673 F.2d 266, 268 (9th Cir. 1982).

Except for Plaintiff's reference to Defendant Patel in Count III, Plaintiff fails to associate any fact or allegation with any specific Defendant. Indeed, there is nothing in the Complaint to suggest that any Defendant participated in, directed, or even knew about any of the Constitutional violations Plaintiff alleges. Plaintiff alleges no facts tying any specific Defendant to any of

12

the alleged violations.  Instead, Plaintiff appears to be naming Defendants because of their general supervisory responsibilities within the DPS.  Such pleading is insufficient to state a claim against Defendants in their individual capacities.  Accordingly, Plaintiff's claims against Defendants Shimoda, Asato, Mun, Frank, Tanaka, Kaplan, Espinas, Neilson, Tufono, Johnson, Reeber, Oda, Lingle, Andrade, Stampfle, Tumminello, Leatumauga, Polleka, Condon, Chun, and Ahn in their individual capacities are DISMISSED.

A pro se plaintiff must be given leave to amend unless "it is 'absolutely clear that the deficiencies of the complaint could not be cured by amendment.'" *Noll v. Carlson*, 809 F.2d 1446, 1448 (9th Cir. 1987) (*quoting Broughton v. Cutter Laboratories*, 622 F.2d 458, 460 (9th Cir. 1980)).  As it is unclear whether Plaintiff can cure the deficiencies discussed above through amendment, Plaintiff is granted leave to amend.  The amended complaint shall state with specificity the damage or harm suffered by Plaintiff with respect to each named Defendant, the acts which gave rise to the alleged damage or harm and the specific date(s) on which the acts took place, and the exact relief requested of each Defendant.

**E.      Count VIII Fails to State a Claim.**

In Count VIII, Plaintiff claims that Defendants denied him access to

the law library, and that it frustrated the litigation of his Rule 40 petition in state court.  Compl. at 6G.

Inmates have a fundamental constitutional right of access to the courts. *Lewis v. Casey*, 518 U.S. 343, 346 (1996).  The right is limited to direct criminal appeals, habeas petitions, and civil rights actions.  *Id.* at 354.  Claims for denial of access to the courts may arise from the frustration or hindrance of "a litigating opportunity yet to be gained" (forward-looking access claim) or from the loss of a meritorious suit that cannot now be tried (backward-looking claim).  *Christopher v. Harbury*, 536 U.S. 403, 412-15 (2002).  To state a claim based on denial of access to the courts, a plaintiff must allege facts demonstrating that he suffered an actual injury by being shut out of court.  *Harbury*, 536 U.S. at 415; *Lewis*, 518 U.S. at 351.  In other words, a claim for deprivation of the constitutional right of access to the courts must allege both the underlying cause of action, whether that action is merely anticipated or already lost, and the official acts that frustrated the litigation. *Harbury*, 536 U.S. at 415-16.

Although the Constitution protects Plaintiff from being denied access to the courts, a claim for violation of this right accrues only when and if Plaintiff suffers an actual injury with respect to a direct criminal appeal, a habeas petition, or a civil rights suit.  *Harbury*, 536 U.S. at 415; *Lewis*, 518 U.S. at 351, 354.

14

Plaintiff's conclusory allegations that the denial of access to the law library hindered his litigation activities are insufficient.  He may not pursue an access claim based on a bare allegation that he suffered an actual injury.  Instead, Plaintiff is required to allege some specific facts that would support a claim that he in fact suffered an actual injury by being shut out of court.  Accordingly, Count VIII is DISMISSED with leave to amend.

In amending his claims, Plaintiff is cautioned that he does not have the right to discover grievances or to litigate effectively once in court.  *Lewis*, at 354.  Further, inmates do not have the right to a law library or legal assistance.  *Id.* at 351.  Law libraries and legal assistance programs are only the means of ensuring access to the courts.  *Id.*  Because inmates do not have "an abstract, freestanding right to a law library or legal assistance, an inmate cannot establish relevant actual injury by establishing that his prison's law library or legal assistance program is subpar in some theoretical sense."  *Id.*  Again, an inmate claiming interference with or denial of access to the courts must show that he suffered an actual injury.  *Id.*

**F.     Counts XII, XIII, XVI, and XVII Fail to State A Claim.**

In Counts XII, XIII, XVI, and XVII, Plaintiff alleges that Defendants denied him his "right to parole" by: (1) failing to provide the programs required for him to be eligible for parole; (2) preventing Plaintiff from adequately representing

15

himself at the parole board hearing; (3) setting recommendations for parole

consideration without a reasonable basis for doing so; (4) failing to remove two

guilty charges, one for fighting and one for failure to obey, from his administrative

record prior to the parole board hearing.  Compl. at 6J-6Q & 6S-6U.

A prisoner has "no constitutional or inherent right . . . to be

conditionally released before the expiration of a valid sentence."  *Greenholtz v.*

*Inmates of the Nebraska Penal & Correctional Complex*, 442 U.S. 1, 7 (1979)*;*

*Bergen v. Spaulding*, 881 F.2d 719, 721 (9th Cir. 1989).[5]  Moreover, prisoners have

no constitutionally protected liberty interest in their eligibility for rehabilitative

programs.  *See Moody v. Daggett*, 429 U.S. 78, 88 n.9 (1976); *Frost v. Agnos*, 152

F.3d 1124, 1130 (9th Cir. 1998).   Plaintiff cannot state a claim based on the denial

of parole or on the denial of rehabilitative programs.  Counts XII, XIII, XVI, and

XVII are DISMISSED for failure to state a claim.  Because any amendment to

---

[5] The court recognizes that when a state's parole statute uses mandatory language, the statute can "create[] a presumption that parole release will be granted," thereby giving rise to a constitutionally protected liberty interest.  *Greenholtz*, 442 U.S. at 7; *Board of Pardons v. Allen*, 482 U.S. 369, 377-78(1987).  Prior to its amendment, the California parole scheme gave rise to such a cognizable liberty interest in release on parole.  *See McQuillion v. Duncan*, 306 F.3d 895, 901 (9th Cir. 2002).  Hawaii's parole statute, however, does not have similar mandatory language, stating only that, "[a] person sentenced to an indeterminate term of imprisonment shall receive an initial parole hearing at least one month before the expiration of the minimum term of imprisonment. . . .  If parole is not granted at that time, additional hearings shall be held at twelve-month intervals or less until parole is granted or the maximum period of imprisonment expires."  Hawaii Revised Statutes ("HRS") § 706-670.  Moreover, because Regan admits that he was given a parole hearing, he is not making a due process claim; instead, he simply claims that his putative "right to parole" was abridged when he was not scheduled for necessary programs.

Counts XII, XIII, XVI, and XVII would be futile, these claims are DISMISSED without leave to amend.

**G.    Defendants State of Hawaii, DPS, and Lingle's Motion to Dismiss Is Granted in Part and Denied in Part**.

On August 15, 2007, Defendants State of Hawaii, DPS, and Lingle filed a Motion to Dismiss Plaintiff's Complaint ("Motion").  The Motion seeks dismissal of Plaintiff's claims against Defendants State of Hawaii, DPS, and Lingle on the grounds that: (1) Defendants State of Hawaii, DPS, and Lingle are immune from claims for damages against them in their official capacity under the Eleventh Amendment; (2) Defendants State of Hawaii, DPS, and Lingle are not "persons" within the meaning of 42 U.S.C. § 1983; (3) Plaintiff's claims against Defendants State of Hawaii, DPS, and Lingle are barred by the statute of limitations; (4) Plaintiff fails to state a claim against Defendant Lingle in her individual capacity; (5) Defendant Lingle has qualified immunity; and (6) Defendants State of Hawaii, DPS, and Lingle are not liable for punitive damages.

To the extent the grounds on which Defendants State of Hawaii, DPS, and Lingle seek dismissal of Plaintiff's claims that have been addressed in the discussion above, Defendants State of Hawaii, DPS, and Lingle's Motion is GRANTED.

As to the remaining grounds for dismissal cited by Defendants State of Hawaii, DPS, and Lingle, they propound the barest minimum argument, simply regurgitating generic standards, without attempting to analyze and apply the law they cite as it relates to the specific facts alleged.

For example, although Defendants State of Hawaii, DPS, and Lingle argue that Plaintiff's claims are barred by the statute of limitations, they provide insufficient information for the court to make a determination as to whether Plaintiff's claims are barred.  The limitations period for Plaintiff's claims may have been statutorily or equitably tolled.

Under the PLRA, "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."  42 U.S.C. § 1997e(a).  The Ninth Circuit has determined that the statute of limitations for a civil rights claim by an incarcerated inmate should be tolled while the inmate exhausts the mandatory administrative grievance procedures pursuant to the PLRA.  *Brown v. Valoff*, 422 F.3d 926 (9th Cir. 2005).  The statute of limitations applicable to Plaintiff's § 1983 action was tolled for any period during which he exhausted available prison administrative remedies.  Here, however, it is unclear if, or when, Plaintiff filed

administrative grievances related to his claims.[6]

Thus, the court declines to reach the issue of whether Plaintiff's claims are barred by the statute of limitations.  Accordingly, the remaining grounds on which Defendants State of Hawaii, DPS, and Lingle's Motion seeks relief are DENIED.

## IV.  CONCLUSION

IT IS HEREBY ORDERED that:

1.  Plaintiff's claims for damages against Defendants in their official capacity are DISMISSED without leave to amend.

2.  Plaintiff's claims against the State of Hawaii and the Department of Public Safety are DISMISSED without leave to amend.

3.  Plaintiff's claim against Defendant Patel in his individual capacity is DISMISSED with leave to amend, if possible, to cure the deficiencies discussed above.

4.  Plaintiff's claims against Defendants Shimoda, Asato, Mun, Frank, Tanaka, Kaplan, Espinas, Neilson, Tufono, Johnson, Reeber, Oda, Lingle, Andrade, Stampfle, Tumminello, Leatumauga, Polleka, Condon, Chun, and Ahn in

---

[6] Further, Defendants State of Hawaii, DPS, and Lingle do not address whether Plaintiff's claims may be tolled as to certain defendants pursuant to HRS §§ 657-13 and 26-14.6(f).

their individual capacity are DISMISSED with leave to amend, if possible.  If

Plaintiff amends the Complaint, the amended complaint shall state with specificity

the damage or harm suffered by Plaintiff with respect to each named Defendant, the

acts which gave rise to the alleged damage or harm and the specific date(s) on

which the acts took place, and the exact relief requested of each Defendant.

　　　　5.  Count VIII is DISMISSED for failure to state a claim with leave to

amend, if possible, to cure the deficiencies discussed above.

　　　　6.  Counts XII, XIII, XVI, and XVII are DISMISSED for failure to

state a claim without leave to amend.

　　　　7.  Plaintiff's Complaint is DISMISSED with leave to amend, if

possible, to cure the deficiencies discussed above.  Plaintiff is granted up to and

including **November 16, 2007**, within which to file an amended complaint with

this court.  **Failure to file an amended complaint by November 16, 2007, will**

**result in AUTOMATIC DISMISSAL of this action without prejudice.**

　　　　8.  If Plaintiff decides to amend the Complaint in accordance with this

Order, the amended complaint must "reproduce the entire pleading as amended and

may not incorporate any part of a prior pleading by reference."  Local Rule 10.3.

The document must bear the docket number assigned this case and must be clearly

labeled "Amended Complaint."

9.   Defendants State of Hawaii, DPS, and Lingle's Motion to Dismiss is GRANTED IN PART and DENIED IN PART.

10.   The Clerk is DIRECTED to send Plaintiff a prisoner civil rights complaint form so that he may comply with this Order.  The Clerk is further DIRECTED to forward a copy of this Order to Plaintiff; to the Department of Public Safety's designee Thomas Read at 919 Ala Moana Blvd., Honolulu, Hawaii, 96814; and to Mark J. Bennett, Attorney General of the State of Hawaii, at 425 Queen Street, Honolulu, Hawaii, 96813.

IT IS SO ORDERED.

DATED:  Honolulu, Hawaii, October 17, 2007.



/s/ J. Michael Seabright
J. Michael Seabright
United States District Judge

*Regan v. State of Hawaii, et al.*, Civ. No. 07-29 JMS-BMK; ORDER DISMISSING PLAINTIFF'S COMPLAINT PURSUANT TO 28 U.S.C. § 1915A(b)(1) AND GRANTING IN PART AND DENYING IN PART DEFENDANTS STATE OF HAWAII, DEPARTMENT OF PUBLIC SAFETY AND LINDA LINGLE'S MOTION TO DISMISS; hmg\Screening Orders 07\Regan 07-29 (dsm in part)