IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| ANTHONY L. REGAN, #A1026256 )<br>Plaintiff, )<br>)<br>vs. )<br>)<br>STATE OF HAWAII, et al., )<br>)<br>Defendants. )<br>_____ ) | CIV. NO. 07-00029 JMS-BMK<br><br>ORDER DENYING MOTION FOR RECONSIDERATION AND MOTION FOR SANCTIONS |

**ORDER DENYING MOTION FOR RECONSIDERATION AND MOTION FOR SANCTIONS**

Before the court is pro se Plaintiff Anthony L. Regan's ("Plaintiff") Motion for Reconsideration ("Motion") of the court's October 17, 2007 Order dismissing Plaintiff's Complaint. For the following reasons, Plaintiff's Motion is DENIED.

**I.  BACKGROUND**

On January 19, 2007, Plaintiff, a prisoner incarcerated at Halawa Correctional Facility, filed a pro se prisoner civil rights complaint pursuant to 42 U.S.C. § 1983. Plaintiff's Complaint included several alleged constitutional violations. The claims can be divided into five broad categories: (1) First Amendment violations; (2) Fifth Amendment violations; (3) Eighth Amendment violations; (4) Fourteenth Amendment violations; and (5) miscellaneous violations

that do not clearly fit under 42 U.S.C. § 1983.

On October 17, 2007, this court dismissed Plaintiff's Complaint. Docket No. 89. The court granted Plaintiff leave to amend his Complaint, except for: (1) claims against the State of Hawaii, the Department of Public Safety, and the remaining Defendants in their official capacities; and (2) Counts XII, XIII, XVI, and XVII wherein Plaintiff alleged that Defendants denied him his right to parole. The court granted Plaintiff up to and including November 16, 2007, to file an amended complaint.[1]

On November 13, 2007, Plaintiff filed the instant Motion. Plaintiff seeks reconsideration of the court's dismissal of Counts XII, XIII, XVI, and XVII without leave to amend. Plaintiff also seeks reconsideration of the court's dismissal of the State of Hawaii, the Department of Public Safety, and Defendants Shimoda, Asato, Mun, Frank, Tanaka, Kaplan, Espinas, Neilson, Tufono, Johnson, Reeber, Oda, Lingle, Andrade, Stampfle, Tumminello, Leatumauga, Polleka, Condon, Chun, and Ahn.

---

[1] On November 14, 2007, Plaintiff filed an Ex Parte Motion for Extension of Time to file an amended complaint. Docket No. 92. The court granted Plaintiff up to and including December 17, 2007, to file an amended complaint. Docket No. 93. On December 17, 2007, Plaintiff filed a second Ex Parte Motion for Extension of Time. Docket No. 94. On December 18, 2007, the court granted Plaintiff up to and including December 28, 2007, to file an amended complaint. Docket No. 95.

## II.  LEGAL STANDARD

A "motion for reconsideration must accomplish two goals.  First, a motion for reconsideration must demonstrate reasons why the court should reconsider its prior decision.  Second, a motion for reconsideration must set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision." *Donaldson v. Liberty Mut. Ins. Co.*, 947 F. Supp. 429, 430 (D. Haw. 1996); *Na Mamo O 'Aha 'Ino v. Galiher*, 60 F. Supp. 2d 1058, 1059 (D. Haw. 1999) (citation omitted).

Only three grounds justify reconsideration: (1) an intervening change in controlling law; (2) the discovery of new evidence not previously available; and (3) the need to correct clear or manifest error in law or fact in order to prevent manifest injustice.  *See Mustafa v. Clark County Sch. Dist.*, 157 F.3d 1169, 1178-79 (9th Cir. 1998); *Great Hawaiian Fin. Corp. v. Aiu*, 116 F.R.D. 612, 616 (D. Haw. 1987), *rev'd on other grounds*, 863 F.2d 617 (9th Cir. 1988).  "Whether or not to grant reconsideration is committed to the sound discretion of the court." *Navajo Nation v. Confederated Tribes & Bands of the Yakima Indian Nation*, 331 F.3d 1041, 1046 (9th Cir. 2003) (*citing Kona Enter., Inc. v. Estate of Bishop*, 229 F.3d 877, 883 (9th Cir. 2000)).

### III.  DISCUSSION

A.  **Plaintiff's Motion for Reconsideration is Denied**

   1.  **Plaintiff Has No Liberty Interest in Parole**

Plaintiff has given no basis for this court to reconsider its previous order.  Plaintiff alleges no intervening change in law or newly discovered material facts not previously available.  Plaintiff, therefore, relies on a manifest error of law or fact.

Plaintiff seeks reconsideration of the dismissal of Counts XII, XIII, XVI, and XVII, relating to his putative "right" to parole.  Plaintiff claims that, notwithstanding the contrary case law and precedent cited in the October 17, 2007 Order, he has a constitutional right to parole as guaranteed by state law.  Plaintiff argues that, under Hawaii Revised Statutes ("HRS") § 353-61 *et seq.*, he has a reasonable basis to expect parole as a right.  Specifically, Plaintiff claims that the Hawaii parole statute uses mandatory language thereby creating a presumption that parole release will be granted.  *See* Motion at 3-4.

As noted in this court's previous Order, a prisoner has "no constitutional or inherent right . . . to be conditionally released before the expiration of a valid sentence." *Greenholtz v. Inmates of the Nebraska Penal & Corr. Complex*, 442 U.S. 1, 7 (1979).  In *Greenholtz* and *Board of Pardons v.*

*Allen*, 482 U.S. 369, 373 (1987), the Supreme Court established that:

> while there is no constitutional or inherent right of a convicted person to be conditionally released before the expiration of a valid sentence, a state's statutory scheme, if it uses mandatory language, creates a presumption that parole release will be granted when or unless certain designated findings are made, and thereby gives rise to a constitutional liberty interest.

*McQuillion v. Duncan*, 306 F.3d 895, 901 (9th Cir. 2002) (internal quotation marks and citations omitted).

It is well-established that Hawaii parole statutes do not create a liberty interest in parole. In *Mujahid v. Apao*, 795 F. Supp. 1020 (D. Haw. 1992), Judge Harold M. Fong found that, "[a] proper application of *Greenholtz* requires the court to conclude that the Hawaii parole statute does not create a liberty interest protected by the Due Process Clause." *Id.* at 1024. In reaching his decision, Judge Fong analyzed Hawaii's statutory parole scheme and determined that it does not "mandate that an inmate be released when or unless certain predicate findings are made." *Id.* Instead, Judge Fong concluded that, "the Hawaii parole statute states that a grant of parole is entirely permissive." *Id.* This conclusion is fully supported by HRS § 353-68(a), stating in pertinent part that: "[p]aroles *may* be granted by the Hawaii paroling authority at any time after the prisoner has served the minimum term of imprisonment fixed according to law[.]" (emphasis added).

5

Judge Fong also discussed HRS § 353-69, which states that, "[n]o parole shall be granted unless it appears to the Hawaii paroling authority that there is a reasonable probability that the prisoner concerned will live and remain at liberty without violating the law and that the prisoner's release is not incompatible with the welfare and safety of society." Judge Fong reasoned that "[t]he only compulsory language in the Hawaii statute is written in the negative, which mitigates against a finding that Hawaii inmates have a reasonable expectation of a liberty interest." *Id.* Contrary to Plaintiff's assertions, it is clear that Hawaii parole statutes use discretionary language and do not create a presumption that parole release will be granted.

Plaintiff also seeks reconsideration on the ground that he has a right to parole pursuant to HRS § 353-64, because he was unable to attend the programs he needed to be eligible for parole. HRS § 353-64 states in pertinent part:

> Provided further that to be eligible for parole, the committed person, if the person is determined by the department to be suitable for participation, must have been a participant in an academic, vocational education, or prison industry program authorized by the department and must have been involved in or completed the program to the satisfaction of the department; and provided further that this precondition for parole shall not apply if the committed person is in a correctional facility where academic, vocational education, and prison industry programs or facilities are not available.

Plaintiff argues that because enrollment in some of the programs that were required for his parole were unavailable to him, he is eligible for parole without attending any of these programs. He is mistaken. First, simply because Plaintiff was unable to take part in these programs prior to his parole hearing does not make them "unavailable" at the prison. Plaintiff may not have been eligible for these programs for various reasons (*e.g.,* due to his custody or housing status), but they are, by Plaintiff's own submission, offered at the prison.[2] Second, and more importantly, as the court has already found, Plaintiff has no state-created liberty interest in parole. Thus, even if Plaintiff completed the programs that were required for parole, the Hawaii Paroling Authority may, nonetheless, deny him parole.

Plaintiff has provided no basis for this court to reconsider its previous order. He provides no intervening change in controlling law, no new evidence previously unavailable, and no need to correct clear or manifest error in law or fact to prevent manifest injustice. Accordingly, Plaintiff's motion for reconsideration of this court's dismissal of Counts XII, XIII, XVI, and XVII without leave to amend is DENIED.

---

[2] Plaintiff specifically states that programs were unavailable to him while he was housed in the Special Housing Unit, thereby indicating that programs are in fact offered at the prison, but that enrollment may be limited to inmates housed in general population. *See* Compl. at 6-O.

### 2. Plaintiff Must Comply with the Pleading Standard to State A Claim Against Individual Defendants

Plaintiff requests that the court reinstate Defendants State of Hawaii and Department of Public Safety, and Defendants Shimoda, Asato, Mun, Frank, Tanaka, Kaplan, Espinas, Neilson, Tufono, Johnson, Reeber, Oda, Lingle, Andrade, Stampfle, Tumminello, Leatumauga, Polleka, Condon, Chun, and Ahn ("individual Defendants"). As noted, the court dismissed Defendants State of Hawaii and Department of Public Safety without leave to amend. The court, however, dismissed the remaining individual Defendants with leave to amend.

Plaintiff's argument to reconsider dismissal of Defendants State of Hawaii and Department of Public Safety is rambling, somewhat unintelligible, and legally frivolous. Plaintiff provides no legal or factual basis on which the court should rely to reconsider its previous Order. The court will not give credence to Plaintiff's incomprehensible arguments.

With regard to the individual Defendants, in the October 17, 2007 Order the court granted Plaintiff leave to amend his claims against the individual Defendants. The court instructed Plaintiff that his amended complaint shall state with specificity the damage or harm suffered by Plaintiff with respect to each named Defendant, the acts which gave rise to the alleged damage or harm and the specific date(s) on which the acts took place, and the exact relief requested of each Defendant. Plaintiff argues that without conducting discovery, he cannot comply

with the court's October 17, 2007 Order.  Nonetheless, to state a § 1983 claim against an individual defendant, a plaintiff must allege facts, not mere conclusions, showing a defendant's "personal involvement" in the alleged constitutional deprivation or a "causal connection" between a defendant's wrongful conduct and the alleged constitutional deprivation.  *Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998); *Hansen v. Black*, 885 F.2d 642, 646 (9th Cir. 1989).  Plaintiff must comply with the pleading standard or risk dismissal of his claims against the individual Defendants.

Plaintiff has not demonstrated that the court should reconsider the October 17, 2007 Order.  He provides no intervening change in controlling law, no new evidence previously unavailable, and no need to correct clear or manifest error in law or fact to prevent manifest injustice.  Nor does Plaintiff's case involve highly unusual circumstances warranting reconsideration.  Accordingly, Plaintiff's Motion for Reconsideration of this court's dismissal of the State of Hawaii, Department of Public Safety, and the individual Defendants is DENIED.

**B.    Plaintiff's Motion for Sanctions is Denied**

Plaintiff incorporates his Motion for Sanctions previously filed on November 1, 2007 (Docket No. 90), which the court has not yet addressed. Plaintiff seeks sanctions against Defendants in the amount of $2,500.00, and reimbursement for copies.  Plaintiff argues that he was prejudiced when the court set aside the entry of default against Defendants because his claims have since been dismissed and the court requires immediate amendment of his Complaint. Docket No. 83.

First, in setting aside the entry of default, the court specifically held that Plaintiff would not be prejudiced. The court stated, "[a]s no deadlines set pursuant to the Rule 16 Scheduling Order have passed, Plaintiff's present position is no different than it would be had Defendants filed a timely Answer to his Complaint. Thus, Plaintiff will not suffer prejudice if the court sets aside entry of default." *See* Docket No. 83, Order Granting Defendants' Motion to Set Aside Entry of Default, filed September 24, 2007.

Second, the court gave Plaintiff ample time within which to file an amended complaint. As noted, in the October 17, 2007 Order, the court granted Plaintiff up to and including November 16, 2007, to file an amended complaint. The court then granted Plaintiff's Ex Parte Motion for Extension of Time, thereby giving Plaintiff up to and including December 17, 2007, to file an amended complaint. And, on December 18, 2007, the court granted Plaintiff's second request for an extension of time thereby giving Plaintiff up to and including December 28, 2007, to file an amended complaint. Plaintiff's Motion for

///
///
///
///
///
///

Sanctions is without merit. Accordingly, Plaintiff's Motion for Sanctions is DENIED.[3]

IT IS SO ORDERED.

DATED: Honolulu, Hawaii, December 19, 2007.



/s/ J. Michael Seabright
J. Michael Seabright
United States District Judge

*Regan v. State of Hawaii, et al.*, Civ. No. 07-00029 JMS-BMK; ORDER DENYING MOTION FOR RECONSIDERATION AND MOTION FOR SANCTIONS; hmg\Reconsideration\Regan 07-29 (dny mot recon)

---

[3] To the extent Plaintiff requests the court to vacate or modify the October 17, 2007 Order, his motion is DENIED.